UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROMY OELKER,<br>       Plaintiff(s),<br>v.<br>STATE OF IDAHO, et al.,<br>       Defendant(s). | Case No. 2:24-cv-01406-NJK<br><br>**TRANSFER ORDER** |

Plaintiff brings this case *pro se* and is attempting to proceed *in forma pauperis*. Docket No.1. Plaintiff's complaint arises out of allegations regarding legal proceedings in Idaho, *see* Docket No. 1-1 at 3-4,[1] and he sues the state of Idaho, a federal judge sitting in Idaho, and a defense attorney located in Idaho, Docket No. 1-1 at 2-3.

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Nevada is not a proper venue. First, Defendants do not reside in Nevada. Second, the complaint provides no connection to this District with respect to the events alleged. Instead, the

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

allegations are centered in the District of Idaho. Hence, none of the statutory provisions renders this District a proper venue for this case.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the District of Idaho and that this case be closed.[2]

IT IS SO ORDERED.

Dated: August 29, 2024

 _____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In light of this transfer, the Court declines to rule on Plaintiff's application to proceed *in forma pauperis* or to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).